UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BYERLY,<br>No. 80598,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES; ICS TELECOM;<br>INMATE TELEPHONE SERVICE;<br>GLOBAL TEL LINK CORP;<br>CORRLINKS,<br>　　　　　　　　　　　Defendants. | Case No.: 3:21-cv-00864-WQH-MDD<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Nathan Byerly ("Plaintiff"), currently incarcerated at Idaho Maximum Security Institution, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, Compl.)

**I.    Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

///

$402. *See* 28 U.S.C. § 1914(a).¹ An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To date, Plaintiff has not paid the initial filing fee or filed a Motion to Proceed IFP. Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.    Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)    **DISMISSES** this action sua sponte without prejudice for failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2)    **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

---

¹ In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: May 13, 2021

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court